1  Peter S. Veregge, Calif. Bar No. 155,769
   CISLO & THOMAS LLP
2  12100 Wilshire Blvd. Suite 1700
   Los Angeles, California 90025
3  Telephone: (310) 451-0647
   Fax: (310) 394-4477

4
   Attorneys for Defendant,
5  Wisdom of the Heart Church
   d/b/a University of
6  Metaphysical Sciences

7

8                    **UNITED STATES DISTRICT COURT**

9                   **NORTHERN DISTRICT OF CALIFORNIA**

10

11 | International Metaphysical Ministry, Inc., an | Case No. 4:18-cv-04524-SBA |

International Metaphysical Ministry, Inc., an
Arizona corporation; Paul Leon Masters
Revocable Living Trust dated July 6, 2015,
by and through Michelle Behr, Trustee,

                    Plaintiff,

            vs.

Wisdom Of The Heart Church, a California
non-profit company d/b/a The University Of
Metaphysical Sciences; and various unknown
and/or fictional individuals and entities,

                    Defendants.

Case No. 4:18-cv-04524-SBA

**DEFENDANT WISDOM OF THE HEART
CHURCH'S MOTION TO DISMISS THE
CORRECTED FIRST AMENDED
COMPLAINT, OR IN THE
ALTERNATIVE FOR A MORE
DEFINITE STATEMENT AND/OR
STRIKE IMMATERIAL MATTER**

[DECLARATION OF PETER VEREGGE
FILED CONCURRENTLY HEREWITH]

Hearing Date: May 8, 2019
Time: 2:00 p.m.
Courtroom:  (check Calendar to confirm)
1301 Clay St., Oakland, CA

**TABLE OF CONTENTS**

**NORTHERN DISTRICT OF CALIFORNIA** ......................................... 1

I.  MEMORANDUM OF POINTS AND AUTHORITIES ................................... 1

    A.    STATEMENT OF ISSUES TO BE DECIDED ...................................... 1

    B.    INTRODUCTION ...................................................................... 1

    C.    FACTUAL BACKGROUND .......................................................... 2

        1.    Plaintiffs Have Been Trying to Drive UMS Out of Business .................... 2

        2.    The Original Complaint Blames Virtually Everything on Schaefer .......... 3

        3.    Now that Schaefer is Dismissed, Plaintiffs Simply Changed the Allegations in the FAC to Blame Everything on UMS ........................... 4

            a.    Plaintiffs Now Blame UMS for DoS Attacks ............................... 4

            b.    Plaintiffs Now Blame UMS for the Imposter Blogsites ................ 5

II.  ARGUMENT ........................................................................... 7

    D.    Plaintiffs' Allegations Regarding the DoS Attacks Do Not Link Them to UMS, and thus Are Not Plausible to Support a Cause of Action, or in the Alternative, They are Immaterial or Impertinent and Should Be Stricken ............ 8

    E.    Plaintiffs Failed to Plausibly Link UMS to the Fake Blogsites ............................ 8

    F.    The DMCA Allegations are Implausible, Immaterial, and Should be Stricken ........................................................................................ 9

    G.    Count One of the FAC Fails to Allege the Facts Supporting the Claim .............. 10

    H.    Plaintiffs Have No Standing to Bring a § 17200 Claim ....................................... 11

    I.    Count Two Refers to Unspecified Unregistered Trademarks .............................. 11

    J.    Count Three Fails to Identify the Trade Dress .................................................... 12

    K.    Count Four Fails to Detail the Specifics of the Trademark Use ......................... 12

    L.    Count Five Fails to Identify a Specific Relationship ........................................... 13

    M.    Count Six Fails to Plead the Necessary Elements with Particularity.................... 14

    N.    Prayer for Relief Contains Impertinent Requests that Should be Stricken .......... 15

CISLO & THOMAS LLP
*Attorneys at Law*
SUITE 1700
12100 WILSHIRE BOULEVARD
LOS ANGELES, CALIFORNIA 90025
TELEPHONE: (310) 451-0647    FACSIMILE: (310) 394-4477

III.    CONCLUSION ................................................................................................................ 15

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CISLO & THOMAS LLP
*Attorneys at Law*
SUITE 1700
12100 WILSHIRE BOULEVARD
LOS ANGELES, CALIFORNIA 90025
TELEPHONE: (310) 451-0647      FACSIMILE: (310) 394-4477

# TABLE OF AUTHORITIES

**Cases**

4 Peaks Tech. LLC v. Green,
  2014 U.S. Dist. LEXIS 200057 (D. Ariz. Nov. 6, 2014) ........................................ 11

Adobe Systems, Inc. v. Software Speedy,
  2014 U.S. Dist. LEXIS 173670 (N.D. Cal. Dec. 16, 2014) ................................... 13

AG ex rel. Maddox v. Elsevier, Inc.,
  732 F.3d 77 (1st Cir. 2013) ........................................................................................ 8

Airs Aromatics, Ltd. Liab. Co. v. Victoria's Secret Stores Brand Mgmt.,
  744 F.3d 595 (9th Cir. 2014) ............................................................................ 7, 8, 9

Antwerp Diamond Exch. of Am., Inc. v. Better Bus. Bur. of Maricopa County, Inc.,
  130 Ariz. 523, 637 P.2d 733, 740 (1981) ............................................................... 13

ArcSoft, Inc. v. CyberLink Corp.,
  153 F. Supp. 3d 1057 (N.D. Cal. 2015) .................................................................. 12

Ashcroft v. Iqbal,
  556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) ................................. passim

Bissessur v. Indiana Univ. Bd. Of Trustees,
  581 F.3d 599 (7th Cir. 2009) ................................................................................... 10

Branch v. Tunnell,
  14 F.3d 449, 453-54 (9th Cir. 1994), *rev'd on other grounds by* Galbraith v. County of Santa
  Clara, 307 F.3d 1119 (9th Cir. 2002) ....................................................................... 6

Bryant v. Matvieshen,
  904 F. Supp. 2d 1034 (E.D. Cal. 2012) .................................................................. 12

Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Telephone Co.,
  20 Cal.4th 163, 83 Cal.Rptr.2d 548, 973 P.2d 527 (1999) .............................. 10, 11

Dube v. Likins,
  216 Ariz. 406 (Ariz. Ct. App. 2007) ...................................................................... 13

Fairway Constructors, Inc. v. Ahern,
  193 Ariz. 122, 970 P.2d 954 (Ct. App. 1998) ........................................................ 11

Ganley v. County of San Mateo,
  2007 U.S. Dist. LEXIS 26467 (N.D. Cal. Mar. 22, 2007) ....................................... 7

CISLO & THOMAS LLP
*Attorneys at Law*
SUITE 1700
12100 WILSHIRE BOULEVARD
LOS ANGELES, CALIFORNIA 90025
TELEPHONE: (310) 451-0647   FACSIMILE: (310) 394-4477

Hernandez v. Schaad,
    No. 17-cv-04055-HSG, 2017 U.S. Dist. LEXIS 213349 (N.D. Cal. Dec. 29, 2017) .........7, 8, 9

Kaibab Shop v. Desert Son, Inc.,
    135 Ariz. 487, 662 P.2d 452 (Ct. App. 1982) ...........................................................................11

Kearns v. Ford Motor Co.,
    567 F. 3d 1120 (9th Cir. 2009)...................................................................................................11

Korea Supply Co. v. Lockheed Martin Corp.,
    131 Cal.Rptr.2d 29, 29 Cal.4th 1134 (2003).............................................................................15

Lepton Labs, LLC v. Walker,
    55 F. Supp. 3d 1230 (C.D. Cal. 2014) .......................................................................................12

Lexmark Intern. v. Static Control,
    134 S. Ct. 1377 (2014) ..............................................................................................................14

PAE Gov't Servs. v. MPRI, Inc.,
    514 F.3d 856 (9th Cir. 2007).......................................................................................................7

Pom Wonderful LLC v. Ocean Spray Cranberries, Inc.,
    642 F. Supp. 2d 1112 (C.D. Cal. 2009) .....................................................................................14

Skydive Arizona, Inc. v. Quattrocchi,
    673 F. 3d 1105 (9th Cir. 2012)...................................................................................................14

SoilWorks, LLC v. Midwest Indus. Supply, Inc.,
    575 F. Supp. 2d 1118 (D. Az. 2008) ..........................................................................................13

Susilo v. Wells Fargo Bank, NA,
    796 F. Supp. 2d 1177 (C.D. Cal. 2011) .....................................................................................15

Tidenberg v. Bidz.com, Inc.,
    2009 U.S. Dist. LEXIS 21916 (C.D. Cal. Mar. 4, 2009) ..........................................................11

United States v. Corinthian Colleges,
    655 F. 3d 984 (9th Cir. 2011)......................................................................................................6

United States v. Ritchie,
    342 F.3d 903 (9th Cir. 2003).......................................................................................................6

Vess v. Ciba-Geigy Corp. USA,
    317 F.3d 1097 (9th Cir. 2003).....................................................................................................14

Whittlestone, Inc. v. Handi-Craft Co.,
    618 F. 3d 970 (9th Cir. 2010).......................................................................................................7

CISLO & THOMAS LLP
Attorneys at Law
SUITE 1700
12100 WILSHIRE BOULEVARD
LOS ANGELES, CALIFORNIA 90025
TELEPHONE: (310) 451-0647    FACSIMILE: (310) 394-1477

**Statutes**

15 U.S.C. § 1125(a)(1)(B) ................................................................................................ 14

15 U.S.C. §1114 ............................................................................................................... 12

17 U.S.C. § 512(c)(3)(A)(ii)-(iii) ...................................................................................... 9

17 U.S.C. § 512(f) .............................................................................................................. 3

Cal. Bus. & Prof. Code § 17200 ............................................................................ 10, 11, 15

**Rules**

Fed. R. Civ. P. 12(b)(6) .......................................................................................... 1, 2, 7, 11

Fed. R. Civ. P. 12(e) .................................................................................................... 1, 11

Fed. R. Civ. P. 12(f) .................................................................................................... 7, 15

Fed. R. Civ. P. 12(f) .................................................................................................. 1, 9, 15

Fed. R. Civ. P. 9(b) ................................................................................................. 11, 14

**NOTICE OF MOTION**:  To Plaintiffs International Metaphysical Ministry, Inc., Paul Leon Masters Revocable Living Trust Dated July 6, 2015, By And Through Michelle Behr, Trustee ("Plaintiffs"), notice is hereby given that on May 8, 2019, at 2:00 p.m., in U.S. District Court, Oakland Courthouse, 1301 Clay Street, Oakland, CA 94612, defendant Wisdom of the Heart Church ("UMS") will move to dismiss the Corrected First Amended Complaint ("FAC") (Dkt. 83) under Rule 12(b)(6).  In the alternative, UMS will move to strike immaterial/impertinent matter in the FAC under Rule 12(f) and/or for a more definite statement under Rule 12(e).

**RELIEF REQUESTED**:  Defendant UMS requests dismissal of the FAC under Rule 12(b)(6) for failure to state a claim.  The six counts in the FAC either are unsupported with plausible facts, simply fail to allege the necessary elements of the claims, and/or Plaintiffs lack standing to bring the asserted claims.  In addition, the FAC has significant immaterial and/or impertinent allegations that should be stricken under Rule 12(f).  Alternatively, Plaintiffs should have to provide a more definite statement regarding several of the claims under Rule 12(e).

## I.   MEMORANDUM OF POINTS AND AUTHORITIES

### A.  STATEMENT OF ISSUES TO BE DECIDED

The issues to be decided in this motion are (1) whether to dismiss one or more counts in the FAC for failure to state a claim under Rule 12(b)(6) and Twombly/Iqbal and/or allege facts to meet the necessary elements of each claim; (2) whether Plaintiffs, as Arizona entities, have standing to bring a Cal. Bus. & Prof. Code § 17200 claim; (3) whether to strike immaterial or impertinent or implausible matter from the FAC as irrelevant and unrelated to any actions of UMS; and (4) whether a more definite statement is required as to plausible factual allegations for each cause of action, as well as how such allegations, if any, might meet the elements of that cause of action.

### B.  INTRODUCTION

The original Complaint and failed TRO Application in this case were based on a litany of unwarranted and unsupported allegations against the defendants, and the FAC simply continues that *modus operandi*.  Even before they filed the Complaint in this case, Plaintiffs tried to drive UMS out of business. UMS is an online school, which relies on its websites.  In November 2017, Plaintiffs filed three fraudulent DMCA takedown notices to shut down all the UMS websites and

CISLO & THOMAS LLP
*Attorneys at Law*
SUITE 1700
12100 WILSHIRE BOULEVARD
LOS ANGELES, CALIFORNIA 90025
TELEPHONE: (310) 451-0647   FACSIMILE: (310) 394-4477

those of its founder, Christine Breese.  When those improper efforts failed, Plaintiffs then filed a Complaint and TRO Application filled with false allegations based on "evidence" provided by their consultant, Corello Networks.  Once again, the TRO Application sought to shut down UMS's main website, but laid most of the blame on the primary defendant, Matt Schaefer, Plaintiffs' former IT consultant.  Schaefer, however, proved that the allegations against him were false. Plaintiffs withdrew the TRO Application, dismissed Schaefer and paid his attorney fees.

Consistent with their attempt to unreasonably and vexatiously multiply these proceedings, Plaintiffs failed to even attempt to properly serve defendant Christine Breese, despite being afforded extra time to do so.  The Court granted her motion and dismissed her from this case.

Despite the proven falsehoods in the original Complaint/TRO, Plaintiffs' Corrected First Amended Complaint ("FAC") simply changes most of those same unsupported allegations to blame UMS instead of Schaefer. Such allegations no longer plausible in light of the falsehoods, and Plaintiffs should be estopped from asserting most if not all of the claims in the FAC because the allegations contradict Plaintiffs' prior **verified** Complaint. Merely swapping the defendants' names does not sanitize those suspect allegations. The allegations are also deficient under Rule 12.

UMS herein moves to dismiss the FAC, or in the alternative, for a more definite statement and/or to strike immaterial matter therein.  UMS's first motion to dismiss contained three pages of reasons why the original complaint was deficient under Rule 12(b)(6).  [Dkt. 21, pp. 14-17]  In addition, both that motion and its reply brief [Dkt. 30] detailed how the allegations therein did not sufficiently allege that UMS—as opposed to defendant Matthias Schaefer—committed the majority of the acts in question.  Given that Plaintiffs were on notice of many of these deficiencies since at least March 2018 [Dkts. 21 & 30], and still failed to adequately and plausibly plead their causes of action, those counts of the FAC should be dismissed without leave to amend.

## C.  FACTUAL BACKGROUND

### 1.  Plaintiffs Have Been Trying to Drive UMS Out of Business

UMS is a distance learning school—without a campus—a California 501(c)(3) non-profit, with its principal place of business in Arcata, California.  Plaintiffs are UMS's competitor; they operate several similar schools, all out of the same office in Sedona, Arizona.

CISLO & THOMAS LLP
Attorneys at Law
SUITE 1700
12100 WILSHIRE BOULEVARD
LOS ANGELES, CALIFORNIA 90025
TELEPHONE: (310) 451-0647   FACSIMILE: (310) 394-4477
TELEPHONE: (310) 451-0647

CISLO & THOMAS LLP
Attorneys at Law
SUITE 1700
12100 WILSHIRE BOULEVARD
LOS ANGELES, CALIFORNIA 90025
TELEPHONE: (310) 451-0647   FACSIMILE: (310) 394-4477
TELEPHONE: (310) 451-0647

Without warning, on November 27, 2017, Plaintiffs filed three separate fraudulent DMCA (Digital Millennium Copyright Act) takedown notices to take down all four websites associated with UMS and its founder Christine Breese: christinebreese.com, umsonline.org, gaiasagrada.com, and metaphysicsuniversity.com. [FAC (Dkt 83) ¶ 131]  These websites are critical to the operation of UMS—an online school.  Each one of these notices was filed by Corello Networks on behalf of Plaintiffs.  Each was based on false allegations of copyright infringement (the takedown notices failed to identify any copyrighted item that UMS had used on these websites—and the Complaint identified none).  Corello and Plaintiffs also asserted in the DMCA takedown notices that UMS and Breese were engaged in trademark infringement and false advertising—neither of which is a proper basis to issue a DMCA takedown notice—which is limited to copyright infringement.

Once UMS refuted all the takedown notice allegations [FAC ¶ 134], UMS's web hosts realized the defective nature of the notices and put the websites back up.  Later, UMS sent a letter to Plaintiffs and Corello Networks, describing their baseless DMCA accusations and demanding that they pay for UMS's attorney fees and costs pursuant to 17 U.S.C. § 512(f) (establishing liability for misrepresenting copyright infringement in a DMCA takedown).  Neither responded.

### 2. The Original Complaint Blames Virtually Everything on Schaefer

Having failed to take down all of UMS's websites with fraudulent DMCA notices, Plaintiffs then filed this lawsuit on December 28, 2017—again without any warning. The complaint sought a TRO, which *inter alia* requested the Court to completely prohibit UMS from using its main marketing website, metaphysicsuniversity.com, which UMS has legally owned since 2005, and actively used since 2014. [Dkt. 1: Complaint ¶¶ 108-113 and prayer for relief (filed herewith as Veregge Declaration Exhibit A) (Complaint Exhibits 7-11 [Dkt 1-2] filed herewith as Exhibit B), and Dkt. 2: Application for TRO (filed herewith as Exhibit C)].

Plaintiffs' **verified** Complaint was based on numerous baseless assertions, claiming that Plaintiffs' former IT manager, defendant Matthias Schaefer, conspired with UMS to (a) create UMS's new website, (b) improperly access Plaintiffs' computers, (c) actively cyber attack Plaintiffs' websites, and (d) create hundreds of fake blogsites to diminish Plaintiffs' Internet presence in favor of UMS.  [Dkt. 1 ¶¶ 56-105].  The Complaint only asserted that UMS was

involved with Schaefer and/or the fake blog websites because of a report it received from its consultant, Corello Networks.  [Dkt. 1 at ¶¶ 123, 134, 169-176, Exhibit 11].  Corello Network's report said it received the IP addresses used to make these fake websites from third-party ISPs, and that those IP addresses implicate Schaefer and UMS.  [Dkt. 1 at ¶¶ 170-174].

Subsequently, UMS showed that the IP address that Plaintiffs and Corello Networks had alleged was used by Schaefer to launch these cyber attacks and create the fake blogsites was actually the IP address of UMS's counsel, making Plaintiffs' allegations and Corello's report entirely false and untrustworthy.  [Dkt. 30, pp. 2-4].  Four months after filing the Complaint, Plaintiffs moved to withdraw their Application for TRO; not just as to Schaefer, but as to Breese and UMS as well. [Dkt. 33].  Plaintiffs subsequently acknowledged that their evidence was so faulty that the primary defendant, Matt Schaefer, was not involved in any of this.  Plaintiffs thus dismissed Schaefer with prejudice and paid his attorney fees.  The Court entered judgment against Plaintiffs as to all claims against Schaefer. [Dkt. 39, p. 13, line 1, *see also* Dkts. 45, 47, 48].

3.   **Now that Schaefer is Dismissed, Plaintiffs Simply Changed the Allegations in the FAC to Blame Everything on UMS**

a.   <u>**Plaintiffs Now Blame UMS for DoS Attacks**</u>

Now that Schaefer is no longer in the case, Plaintiffs simply shifted their allegations from Schaefer to UMS, without any basis or additional facts to support such a blanket change.  For example, paragraphs 52-65 of the FAC allege that Plaintiffs suffered DoS attacks from mid-July 2017 to March 2018, and further allege that the DoS attacks damaged Plaintiffs.  In contrast, the Complaint and the TRO Application had alleged that defendant Schaefer was responsible for these attacks due to his role in setting up Plaintiffs' Internet security, selection of the hosting company, and a "pipeline connection" by which Schaefer could access Plaintiffs' servers and email systems after his termination. [Dkt. 1, ¶¶ 67-81; Dkt. 2, pp. 4-7] The Complaint even had a heading: "IMM BEGINS TO LINK SCHAEFER TO DDOS ATTACKS."

Neither the Complaint nor the FAC alleges that UMS had the capability to conduct the DoS attacks.  Nor do the factual allegations even suggest that UMS was the culprit.  The FAC repeats the allegations regarding the DoS attacks, merely leaving out the allegations that the attacks were

CISLO & THOMAS LLP
Attorneys at Law
SUITE 1700
12100 WILSHIRE BOULEVARD
LOS ANGELES, CALIFORNIA 90025
TELEPHONE: (310) 451-0647   FACSIMILE: (310) 394-4477

1  attributable to Schaefer.  [FAC ¶¶ 52-65].  None of those FAC allegations implicate UMS.

2        Despite this lack of factual connection to UMS, FAC paragraph 153 baldly asserts that

3  "UMS has further engaged in unfair competition with IMM by actively attempting to disrupt

4  IMM's computer operations, including but not limited to the DoS attacks."  The FAC lacks any

5  factually plausible connection, especially when the **verified** Complaint alleged that Schaefer was

6  responsible, even though he was not. [Docket 39, p. 13, line 1, *see also* Dockets 45, 47, 48].

7                **b.**    **Plaintiffs Now Blame UMS for the Imposter Blogsites**

8        Just as it did with the DoS attacks, the **verified** Complaint and the TRO Application linked

9  the fake blogsites to defendant Schaefer, and alleged no *plausible* facts suggesting that UMS was

10  the blogsites' author. [Dkt. 1, ¶¶ 82-105, 126-132; Dkt. 2, pp. 4-7] The Complaint had a heading

11  "IMM LINKS SCHAEFER TO BREESE, BREESE'S NEW WEBSITE, AND THE

12  FRAUDLENT BLOG POSTS," and asserts that the blogsites contained a link to immsite.com,

13  which was only known to Plaintiffs' insiders like Schaefer. [Dkt. 1, ¶¶ 126-132] The Complaint

14  asserted that "Schaefer's fingerprints were in the coding for that blog site." [Dkt. 1, ¶ 132] The

15  Complaint never suggested that UMS knew about Plaintiffs' non-public website, immsite.com.

16        In contrast, the FAC omits all of the allegations attributing the blogsites to Schaefer, and

17  instead simply attributes the blogsites to UMS.  [FAC ¶¶ 74-100]  Key to these allegations is

18  Plaintiffs' consultant, Corello Networks, which claims to have determined that a specific IP

19  address was "associated with 33 imposter websites," which is supposedly the IP address for UMS.

20  [FAC ¶¶ 96-100]  This is the same Corello Networks that **swore under penalty of perjury** that

21  defendant Schaefer's IP address ("Schaefer IP Address") was associated with numerous fake

22  blogsites. [Dkt. 27-1] The Complaint, and two of Plaintiffs' separate briefs they filed in this case,

23  all unequivocally asserted that the "Schaefer IP Address" was associated with numerous fake

24  blogsites. [Dkt. 1, ¶¶ 174-176, 181; Dkt. 27, p. 5, lines 19-20, p. 8, lines 2-8; Dkt. 22, pp. 4-5].

25        It turns out, however, that the "Schaefer IP Address" was really the IP address for UMS's

26  attorneys, Cislo & Thomas, who had absolutely nothing to do with Schaefer or any fake blogsite.

27  Thus, despite Corello Network's testimony **under oath** and Plaintiffs' **verified** Complaint, the

28  "Schaefer IP Address" was <u>not</u> associated with Schaefer or *any* fake blogsites.

CISLO & THOMAS LLP
*Attorneys at Law*
SUITE 1700
12100 WILSHIRE BOULEVARD
LOS ANGELES, CALIFORNIA 90025
TELEPHONE: (310) 451-0647   FACSIMILE: (310) 394-4477
TELEPHONE: (310) 451-0647

In addition, Corello Networks apparently *manufactured* evidence that Plaintiffs included in their TRO Application brief to suggest that Schaefer was the author of UMS's website. [Dkt. 22-1, p. 15; Dkt. 39, pp. 12-13; Dkt. 41-1, pp. 82-83, 85, 89]   Plaintiffs' counsel even admitted that it withdrew the TRO Application because as to the IP addresses on which Plaintiffs based their blogsite claims, that "Corello's work was, at a minimum, not reliable." [Dkt. 39, p. 13 of 20]

Moreover, only one of the five links in the FAC example blogsite allegedly went to UMS [FAC ¶¶ 82-84], which does not support a plausible inference that UMS was behind it.  Complaint Exhibits 4 and 11 also listed a number of imposter blogsites.  About a year ago, UMS reviewed the blogsites listed in Complaint Exhibits and included their findings in a brief.[1]  In Exhibit 4 [Dkt 1-1, pp. 34-35], all but three sites were inactive.  But of those three sites, none of them had any links to UMS, and there was one link to the "secret" immsite.com.  [Dkt. 30, p. 7; Dkt. 30-1, ¶ 8; Dkt. 30-2, Exh. C] (attached hereto as Exhibit D).  Of the 36 blogsites listed in Complaint Exhibit 11 [Dkt. 1-2, pp. 21-56], only 21 still existed.  Out of those 21, only one of them had a link to UMS, but there were 22 links to IMM websites, including three blogsites that had links to the non-public IMM site immsite.com.  [Dkt. 30-1, ¶ 9; Dkt. 30-2, Exh. D (attached hereto as Exhibit E)].

Thus, out of 24 impostor blogsites, only one had a URL that linked to UMS.  In contrast, twenty-six URLs linked to Plaintiffs' sites, including four URLs that linked to the non-public immsite.com.  If any inference is to be drawn from the evidence attached to Plaintiffs' original Complaint, it is that the blogsites were intended to benefit Plaintiffs, but somehow incorporated a

---

[1]  A defendant may attach to a 12(b)(6) motion documents referenced in a complaint to show that they do not support a plaintiffs' claim.  Branch v. Tunnell, 14 F.3d 449, 453-54 (9th Cir. 1994), rev'd on other grounds by Galbraith v. County of Santa Clara, 307 F.3d 1119 (9th Cir. 2002).  A Court may consider evidence on which the complaint necessarily relies if (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the Rule 12(b)(6) motion.  United States v. Corinthian Colleges, 655 F. 3d 984, 999 (9th Cir. 2011).  In such case, a Court may treat them as part of the Complaint.  In such case, a Court may treat them as part of the Complaint and will assume their contents are true.  United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).  The URLs listed in the original complaint documents were references to the blogsites that form the basis of Plaintiffs' claims.  The URLs in the blogsites themselves form the basis of Plaintiffs' contention that UMS was behind the impostor websites, as Plaintiffs assert that such URLs were linked to UMS.  Thus, information regarding those blogsites and their URLs should be considered when determining whether Plaintiffs' claims are plausible.

CISLO & THOMAS LLP
*Attorneys at Law*
SUITE 1700
12100 WILSHIRE BOULEVARD
LOS ANGELES, CALIFORNIA 90025
TELEPHONE: (310) 451-0647     FACSIMILE: (310) 394-4477

single URL linking back to UMS, presumably by mistake.  It is not reasonable to infer that UMS would be behind numerous blogsites where 96 percent of the links were connected to Plaintiffs.

Plaintiffs essentially admitted that the Schaefer allegations were false by dismissing Schaefer and paying his attorneys' fees, and excising those allegations from the FAC. Accordingly, Corello's fraudulent blogsite "findings" are so suspect that they do not amount to anything resembling a plausible factual basis for any cause of action against UMS.

## II.   **ARGUMENT**

Under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). When evaluating plausibility, a court may consider whether amended claims contradict earlier pleadings or filings. "A party cannot amend pleadings to directly contradict an earlier assertion made in the same proceeding." Airs Aromatics, Ltd. Liab. Co. v. Victoria's Secret Stores Brand Mgmt., 744 F.3d 595, 600 (9th Cir. 2014) (citation omitted).  Many courts have held that "when evaluating an amended complaint, the court may also consider the prior allegations as part of its 'context-specific' inquiry based on its judicial experience and common sense to assess whether an amended complaint plausibly suggests an entitlement to relief." Hernandez v. Schaad, No. 17-cv-04055-HSG, 2017 U.S. Dist. LEXIS 213349, at *10 (N.D. Cal. Dec. 29, 2017) (internal quotes and citations omitted), *see also* Iqbal, 556 U.S. at 679; *but see* PAE Gov't Servs. v. MPRI, Inc., 514 F.3d 856, 860 (9th Cir. 2007).

"The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Whittlestone, Inc. v. Handi-Craft Co., 618 F. 3d 970, 973 (9th Cir. 2010) (citation omitted). Motions to strike are proper even if their only purpose is to make the issues less complicated and to streamline the ultimate resolution of the action. *See* Ganley v. County of San Mateo, 2007 U.S. Dist. LEXIS 26467 at *1 (N.D. Cal. Mar. 22, 2007).

CISLO & THOMAS LLP
Attorneys at Law
SUITE 1700
12100 WILSHIRE BOULEVARD
LOS ANGELES, CALIFORNIA 90025
TELEPHONE: (310) 451-0647    FACSIMILE: (310) 394-4477

CISLO & THOMAS LLP
*Attorneys at Law*
SUITE 1700
12100 WILSHIRE BOULEVARD
LOS ANGELES, CALIFORNIA 90025
TELEPHONE: (310) 451-0647   FACSIMILE: (310) 394-4477   TELEPHONE: (310) 451-0647

### D. Plaintiffs' Allegations Regarding the DoS Attacks Do Not Link Them to UMS, and thus Are Not Plausible to Support a Cause of Action, or in the Alternative, They are Immaterial or Impertinent and Should Be Stricken

As discussed above, the original Complaint alleged that Schaefer was responsible for the DoS attacks, and did not implicate UMS at all.  Now the FAC alleges that the attacks occurred, but alleges no facts connecting UMS to such attacks.  [FAC ¶¶ 52-65]

Despite the lack of any plausible connection to UMS, FAC paragraph 153 baldly asserts that "UMS has further engaged in unfair competition with IMM by actively attempting to disrupt IMM's computer operations, including but not limited to the DoS attacks."  The FAC lacks any causation allegations between UMS and the DoS attacks. The "plausibility standard applies with undiminished force to allegations of causation."  AG ex rel. Maddox v. Elsevier, Inc., 732 F.3d 77, 82, n.2 (1st Cir. 2013) (collecting cases from various circuit courts).  Moreover, judicial estoppel should prevent Plaintiffs from simply switching the defendants' names to now blame UMS for the acts they previously attributed to Schaefer.  *See, e.g.,* Airs Aromatics, 744 F.3d at 600; Hernandez, 2017 U.S. Dist. LEXIS 213349, at *10.  The DoS attack allegations are not a basis for any claim.

Alternatively, given the failure of the plausible linkage of the DoS attacks to UMS, those allegations are simply immaterial or impertinent to any cause of action in the FAC, and should be stricken.  If the Court does not find the DoS attack allegations to either (a) not be the basis for any claim in the FAC or (b) stricken as immaterial/impertinent, then UMS urges the Court to order Plaintiffs to plead *plausible* facts to link UMS to those allegations, if even possible.

### E. Plaintiffs Failed to Plausibly Link UMS to the Fake Blogsites

As discussed above, the **verified** Complaint and TRO Application linked most of the fake blogsites to Schaefer, but due to the bogus "findings" of Corello, alleged no plausible facts suggesting that UMS was the author.  [Dkt. 1, ¶¶ 82-105, 126-132; Dkt. 2, pp. 4-7]  In contrast, the FAC omits all of the allegations attributing the blogsites to Schaefer, and instead attributes all of them to UMS.  [FAC ¶¶ 74-100]  The Complaint relied heavily on the findings of Plaintiffs' expert, Corello Networks, to support the allegations [Dkt. 1, ¶¶ 74-77, 122-126, 133-141, 144-146, 170-184, and Exhibit 11].  The FAC continues to rely on Corello Network's "findings." [FAC ¶¶ 94-98, 131-132] Corello's false findings are not a plausible basis for the FAC blogsite allegations.

CISLO & THOMAS LLP
*Attorneys at Law*
SUITE 1700
12100 WILSHIRE BOULEVARD
LOS ANGELES, CALIFORNIA 90025
TELEPHONE: (310) 451-0647   FACSIMILE: (310) 394-4477
TELEPHONE: (310) 451-0647

The Court should use its "judicial experience and common sense" in this "context-specific task" to determine plausibility of these allegations. Iqbal, 556 U.S. at 679.  Given Corello Networks' discredited, unreliable "evidence," and Plaintiffs' reliance on such "evidence," the Court should not accept the factual allegations regarding the blogsites as plausible or true.

Plaintiffs' blogsite allegations are nothing more than "bad things have happened to our business and thus our competitor must be to blame." This is not a plausible factual basis for a cause of action, especially when Plaintiffs' prior verified allegations are in complete disagreement.

Nevertheless, Plaintiffs assert that the imposter blogsites form the basis for their claims of (a) common law unfair competition, (b) trade dress infringement, (c) trademark infringement, and (d) intentional interference with business expectancy [FAC ¶¶ 153, 155, 157, 163, 165, 174, 184, 186, 187].  Given their completely unsupported and unreliable nature, as well as the judicial estoppel that should be imposed on Plaintiffs for asserting that the fake blogsites were the work of Schaefer, the Court should find that the fake blogsite allegations are not a basis for any claim against UMS. *See, e.g.,* Airs Aromatics, 744 F.3d at 600; Hernandez, 2017 U.S. Dist. LEXIS 213349, at *10.  Alternatively, the Court should strike the blogsite allegations under Rule 12(f).

### F.   The DMCA Allegations are Implausible, Immaterial, and Should be Stricken

Plaintiffs have alleged that their consultant, Corello Networks, sent DMCA notices to the hosts of three UMS websites, "apparently … on its belief that UMS's websites were using and selling IMM's copyrighted or copyrightable materials to UMS students."  "As of this filing, IMM has been unable to confirm this belief, but intends to pursue [it] … in discovery."  [Dkt. 83, ¶ 132]

These allegations are an outright falsehood.  Nothing in Plaintiffs' DMCA takedown notices asserted that that UMS was selling IMM's copyrighted material to students.  Rather, as noted in one of the exhibits to the Complaint, Plaintiffs' takedown notices stated that it was the website that contained the copyrighted material. [Dkt 1-2, pp. 9-14 of 56]  A takedown notice has to identify the allegedly infringing material that is capable of being removed from the website.  17 U.S.C. § 512(c)(3)(A)(ii)-(iii).  There is no basis for a takedown notice for selling materials that are not available on the website.  Moreover, Plaintiffs already admitted that the DMCA takedown notices were "inartful and not done consistently with the purposes of the DMCA." [Dkt 39, p. 6,

lines 2-4]  As a further admission of a lack of basis for the DMCA takedowns, the FAC dropped the Copyright claims from this case.  [*See* Dkt. 1, ¶¶ 6, 9, 256-269]

After admitting they have no evidence, admitting they had no basis to file the DMCA takedown notices, and without any plausible factual basis for their consultant's "belief," Plaintiffs brazenly assert that they intend to take discovery to determine whether the allegation is true.  This is wholly improper.  <u>Twombly</u>/<u>Iqbal</u> "teaches that a defendant should not be forced to undergo costly discovery unless the complaint contains enough detail … to indicate the plaintiff has a substantial case."  <u>Bissessur v. Indiana Univ. Bd. Of Trustees</u>, 581 F.3d 599, 603 (7th Cir. 2009).  These allegations cannot serve as the basis to take discovery.  They should be stricken.

### G.  Count One of the FAC Fails to Allege the Facts Supporting the Claim

The sole factual allegations in Count One of the FAC (Unfair Competition-Cal. Bus. & Prof. Code § 17200) are that "UMS's conduct as alleged above constitutes unlawful, unfair, and/or fraudulent business acts or practices as defined by Cal. Bus. & Prof. Code §17200 *et seq*."  Thus, Count One apparently refers to the 142 prior paragraphs of the FAC as providing the factual basis.

Given the incredibly wide variety of conduct asserted in the FAC—including conduct that seems to be irrelevant to any claim (*e.g.*, ¶¶ 131-140)—there is no way for UMS or the Court to determine what conduct is at issue.  Moreover, the DoS attacks [FAC ¶¶ 52-65] and imposter blogsites [FAC ¶¶ 74-100] do not amount to plausible facts to support this cause of action.

Additionally, given that Count One alleges that the unspecified conduct is (a) unlawful, (b) unfair, and/or (c) fraudulent—each one being a separate cause of action—UMS has no idea what Plaintiffs are asserting in this claim.  Plaintiffs cite no violation of law to support their unlawful claim.  <u>Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Telephone Co.</u>, 20 Cal.4th 163, 180, 83 Cal.Rptr.2d 548, 973 P.2d 527 (1999).

Nor do Plaintiffs adequately plead an unfair practice claim.  "When a plaintiff who claims to have suffered injury from a direct competitor's 'unfair' act or practice invokes section 17200, the word 'unfair' in that section means conduct that threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition."  <u>Cel-</u>

CISLO & THOMAS LLP
*Attorneys at Law*
SUITE 1700
12100 WILSHIRE BOULEVARD
LOS ANGELES, CALIFORNIA 90025
TELEPHONE: (310) 451-0647
FACSIMILE: (310) 394-4477
TELEPHONE: (310) 451-0647

1   <u>Tech</u>, 20 Cal. 4th at 186-87.  Plaintiffs allege no such conduct.

2        If Plaintiffs are asserting a fraud claim, it has to be pled with specificity under Rule 9(b).

3   <u>Kearns v. Ford Motor Co.</u>, 567 F. 3d 1120, 1125-27 (9th Cir. 2009).  Plaintiffs have not done so.

4        The FAC's remaining allegations under Count One, paragraphs 145-148, are simply

5   recitations of claim elements, without any facts.  "Threadbare recitals of the elements of a cause of

6   action, supported by mere conclusory statements, do not suffice."  <u>Iqbal</u>, 556 U.S. at 678.

7        Plaintiffs have failed to plead plausible facts to support any type of claim under Cal. Bus.

8   & Prof. Code §17200, and Count One should be dismissed under Rule 12(b)(6).  In the alternative,

9   Plaintiffs should be ordered to make a more definite statement under Rule 12(e) to identify the

10  specific facts that apply to each element of each claim.

### H.  Plaintiffs Have No Standing to Bring a § 17200 Claim

12       Plaintiffs, both Arizona entities, are not entitled to pursue a Section 17200 claim.  This

13  claim was absent from Plaintiffs' original complaint filed in the Arizona district court, which

14  asserted claims for unfair competition under federal and Arizona common law and the Lanham

15  Act.  Merely transferring the case to California does not provide an Arizona entity with standing to

16  bring a Section 17200 UCL claim.  The "UCL was neither designed or intended to regulate claims

17  of non-residents arising from conduct occurring entirely outside of California."  <u>Tidenberg v.</u>

18  <u>Bidz.com, Inc.</u>, 2009 U.S. Dist. LEXIS 21916, at *10 (C.D. Cal. Mar. 4, 2009) (dismissing

19  California UCL and FAL claims brought by Texas resident against a California corporation).

20  Plaintiffs have no standing to bring a Section 17200 claim.  Count One must be dismissed.

### I.  Count Two Refers to Unspecified Unregistered Trademarks

22       FAC Count Two (Common Law Unfair Competition) alleges that "UMS deceived and

23  continues to deceive the public by using IMM's name, its registered and unregistered marks, and

24  names or words identical or very similar to IMM or its registered marks."  [Dkt. 1, ¶ 152]  The

25  "central tort in unfair competition at common law is known as 'palming off' or 'passing off.'"  <u>4</u>

26  <u>Peaks Tech. LLC v. Green</u>, 2014 U.S. Dist. LEXIS 200057, at *10 (D. Ariz. Nov. 6, 2014)

27  (citation omitted).  "Palming off" attempts to make purchasers believe that the seller's product is

28  that of its competitor. <u>Kaibab Shop v. Desert Son, Inc.</u>, 135 Ariz. 487, 489 n.1 (Ct. App. 1982).

CISLO & THOMAS LLP
*Attorneys at Law*
SUITE 1700
12100 WILSHIRE BOULEVARD
LOS ANGELES, CALIFORNIA 90025
TELEPHONE: (310) 451-0647    FACSIMILE: (310) 394-4477
TELEPHONE: (310) 451-0647

Throughout Count Two, the Plaintiffs refer to "unregistered marks" and "words similar to the registered marks," but do not specifically identify them.  None of the allegations in Count Two are adequate to allege "palming off." FAC paragraph 152 is wholly conclusory. The Google Adwords allegations [FAC ¶¶ 153, 154] do not assert that once potential students find themselves at UMS's website that any of Plaintiffs' trademarks or similar words are present on the UMS website.  As noted above, the allegations of DoS attacks and imposter blogsites [Id. ¶¶ 153, 155, 157] are inadequate, but for purpose of this count, they are inapplicable.

### J.   Count Three Fails to Identify the Trade Dress

Count Three of the FAC (Trade Dress Infringement) alleges that "appearance of IMM's websites, as well as the use and arrangement of the registered and unregistered marks and copyrightable content used thereon, constitute IMM's trade dress."   [FAC ¶ 162]   These allegations are wholly inadequate because they fail to clearly define the specific elements of the websites that constitute the trade dress. "[C]ourts in this circuit have required trade dress plaintiffs, at the very least, to provide adequate notice by including in their complaint a complete recitation of the concrete elements of [their] alleged trade dress." ArcSoft, Inc. v. CyberLink Corp., 153 F. Supp. 3d 1057, 1069-70 (N.D. Cal. 2015) (quoting Lepton Labs, LLC v. Walker, 55 F. Supp. 3d 1230, 1240 (C.D. Cal. 2014)); see also Bryant v. Matvieshen, 904 F. Supp. 2d 1034, 1046 (E.D. Cal. 2012).  Plaintiffs have failed to do so.

The count also refers to UMS's use of registered and unregistered marks on UMS's website, but fails to state which marks and where they are used.  These are the types of conclusory allegations that Iqbal prohibits.  Iqbal, 556 U.S. at 678.  Count Three must be dismissed.

### K.   Count Four Fails to Detail the Specifics of the Trademark Use

FAC Count Four (Trademark Infringement - 15 U.S.C. § 1114) alleges that "UMS is using identical or at a minimum confusingly similar trademarks in the advertising of their institution UMS, thereby causing a likelihood that customers would believe UMS's educational programs are associated with, sponsored by, or approved by IMM, when they are not."  [FAC ¶ 172]

FAC identifies three registered trademarks (¶¶ 17-22), but fails to state which of these marks UMS is using and where.  "Merely listing a plurality of marks which a trademark holder has

CISLO & THOMAS LLP
Attorneys at Law
SUITE 1700
12100 WILSHIRE BOULEVARD
LOS ANGELES, CALIFORNIA 90025
TELEPHONE: (310) 451-0647   FACSIMILE: (310) 394-4477

acquired … is not enough to put a party on notice of trademark infringement, nor is it appropriate for a party to make the blanket statement that the accused infringers 'have infringed its registered and unregistered marks.'"   Adobe Systems, Inc. v. Software Speedy, 2014 U.S. Dist. LEXIS 173670 at *15 (N.D. Cal. Dec. 16, 2014).

The FAC asserts that UMS is using the registered trademarks as "headers on UMS's websites," but fails to state which websites, or where these headers are located. UMS can find no such uses. The blogsite allegations do not support any plausible causes of action. So is this claim limited to the Google adwords claims? The FAC is not clear. At a minimum, Plaintiffs should be required to make a more definite statement as to the registered trademark claims in Count Four.

### L. Count Five Fails to Identify a Specific Relationship

Count Five of the FAC (Intentional Interference with Business Expectancy ("IIBE")), alleges that "IMM enjoys an economic relationship with the metaphysics community and prospective metaphysics students …" as the sole relationship underlying its claim. IIBE requires (1) the existence of a valid business relationship or expectancy, (2) defendant's knowledge of the relationship or expectancy, (3) intentional and improper interference by defendant causing a breach of the relationship or expectancy, and (4) resulting damage to plaintiff. SoilWorks, LLC v. Midwest Indus. Supply, Inc., 575 F. Supp. 2d 1118 (D. Az. 2008); Antwerp Diamond Exch. of Am., Inc. v. Better Bus. Bur. of Maricopa County, Inc., 130 Ariz. 523, 637 P.2d 733, 740 (1981). To state a claim for loss of business expectancy, the plaintiff must "identify a specific relationship with which the defendant interfered." Dube v. Likins, 216 Ariz. 406, 414 (Ariz. Ct. App. 2007). The expectancy must constitute more than a mere "hope." Id. at 412.

In this case, the FAC alleges that Defendants knew of Plaintiffs' "economic relationship with the metaphysics community and prospective metaphysics students." There is no relationship with prospective students, nor could UMS know about a "relationship" that does not yet exist, or one with a generalized community. This claim is insufficient under Dube, as the expectancy is a mere hope. Given that UMS pointed out this deficiency to Plaintiffs in March 2018 [Dkts. 21 & 30], this claim should be dismissed with prejudice.

CISLO & THOMAS LLP
Attorneys at Law
SUITE 1700
12100 WILSHIRE BOULEVARD
LOS ANGELES, CALIFORNIA 90025
TELEPHONE: (310) 451-0647   FACSIMILE: (310) 394-4477
TELEPHONE: (310) 451-0647

CISLO & THOMAS LLP
*Attorneys at Law*
SUITE 1700
12100 WILSHIRE BOULEVARD
LOS ANGELES, CALIFORNIA 90025
TELEPHONE: (310) 451-0647   FACSIMILE: (310) 394-4477   TELEPHONE: (310) 451-0647

### M. Count Six Fails to Plead the Necessary Elements with Particularity

Count Six of the FAC is for False Advertising-Lanham Act. False advertising claims that sound in fraud must satisfy the particularity requirement of Rule 9(b). *See* Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1103-04 (9th Cir. 2003). Where false advertising claims assert false and misleading statements to confuse consumers, they must comply with Rule 9(b). Pom Wonderful LLC v. Ocean Spray Cranberries, Inc., 642 F. Supp. 2d 1112, 1124 (C.D. Cal. 2009).

"To invoke the Lanham Act's cause of action for false advertising, a plaintiff must plead … an injury to a commercial interest in sales or business reputation proximately caused by the defendant's misrepresentations." Lexmark Intern. v. Static Control, 134 S. Ct. 1377, 1395 (2014). Five additional elements must be plead for a Lanham Act § 43(a) false advertising claim: (1) a false statement of fact by the defendant in a commercial advertisement about its own or another's product; (2) the statement actually deceived or has the tendency to deceive a substantial segment of its audience; (3) the deception is material, in that it is likely to influence the purchasing decision; (4) the defendant caused its false statement to enter interstate commerce; and (5) the plaintiff has been or is likely to be injured as a result of the false statement, either by direct diversion of sales from itself to defendant or by a lessening of the goodwill associated with its products. 15 U.S.C. § 1125(a)(1)(B); Skydive Arizona, Inc. v. Quattrocchi, 673 F. 3d 1105, 1110 (9th Cir. 2012).

The FAC states that "UMS has purposefully made false and misleading statements of fact concerning its IMM products in commercial advertisements," citing the creation of imposter blogsites that linked to UMS and included content that purported to be from IMM when it was not. [FAC ¶ 192] Not only are such allegations conclusory, they do not meet the definition of "a false or misleading statement in a commercial advertisement about its own or another's product." None of the blogsites are "commercial advertisements." Nor is the language on the blogsites about Plaintiffs' or UMS's "product." Nor does UMS have any "IMM products" as suggested by the allegation. The rest of the FAC's allegations in Count Six [FAC ¶¶ 193-196], are an improper "formulaic recitation of the elements of a cause of action." Iqbal, 556 U.S. at 678. Plaintiffs have not alleged any plausible linkage of UMS to the blogsites. Count Six fails to allege necessary elements with plausible supporting facts, and must be dismissed.

**N.  Prayer for Relief Contains Impertinent Requests that Should be Stricken**

A "Court may also strike under Fed.R.Civ.P. 12(f) a prayer for relief which is not available as a matter of law." Susilo v. Wells Fargo Bank, NA, 796 F. Supp. 2d 1177, 1196 (C.D.Cal. 2011).

The FAC prays for "damages for unfair competition in an amount to be proven at trial." Count One alleges that "IMM [has] suffer[ed] … loss of money … in an amount to be proven at trial."  Money damages are not recoverable for Section 17200 unfair competition claims.  Korea Supply Co. v. Lockheed Martin Corp., 131 Cal.Rptr.2d 29, 43, 29 Cal.4th 1134 (2003).

The FAC prays for "IMM's reasonable attorneys' fees and other expenses incurred in connection with this action under 35 U.S.C. § 285 …"  The referenced statute is part of the patent laws.  Plaintiffs have not alleged any claims under the patent laws, making this inapplicable.

The FAC prays for "exemplary damages in an amount to be determined at trial."  UMS is not aware that any of Plaintiffs' causes of action allow exemplary damages, nor have Plaintiffs alleged any basis for exemplary damages anyways.  All these should be stricken under Rule 12(f).

**III.   CONCLUSION**

Plaintiffs have acted improperly since before they filed this lawsuit, falsely asserting copyright infringement for their DMCA claims (and again in their original complaint).  Then they filed a TRO Application where no complained-of action required it, which was based on false assertions against their former IT consultant.  When proved wrong, they dismissed the IT consultant and paid his attorney fees.  And now, despite their verified prior allegations that blamed the IT consultant, they now blame UMS for those same allegations.  None of this supports plausible causes of action.  Moreover, most if not all of the claims are deficiently alleged.  The FAC should be dismissed for failure to state a claim.  In addition, Count One should be dismissed for lack of standing.  The allegations of DoS attacks, imposter blogsites, and DMCA violations should be stricken as implausible, immaterial, and/or impertinent.  At a minimum, Plaintiffs should be ordered to make a more definite statement to support their allegations with plausible facts.

Respectfully submitted,
CISLO & THOMAS LLP

Dated: April 3, 2019              By:    /s/Peter S. Veregge
                                         Peter S. Veregge

Attorneys for Defendants, Wisdom of the Heart Church d/b/a University of Metaphysical Sciences

CISLO & THOMAS LLP
Attorneys at Law
SUITE 1700
12100 WILSHIRE BOULEVARD
LOS ANGELES, CALIFORNIA 90025
TELEPHONE: (310) 451-0647
FACSIMILE: (310) 394-4477